## Mathe's Estate

*Meyer Feldman*, for exceptant.
*Dale T. Lias*, for claimant.

MITCHELL, J., February 17, 1939.—In the first and final account of Edna M. McLaren, administratrix of the estate of Elizabeth H. Mathe, deceased, credit is taken for the payment to Edna M. McLaren for board, lodging, and care of the decedent, $815. After the payment of all the debts, including this payment, there is left a balance of $122.03 for distribution. The validity of this claim is not disputed.

The Department of Public Assistance of the Commonwealth of Pennsylvania has presented its claim for old-age assistance granted decedent from December 1934, to December 1937, in the amount of $945, of which $515 was paid periodically from December 1934, to July 1936, and the balance of $430 from July 1936, to December 1937. The contention of this claimant is that the claim of Edna M. McLaren, for which credit is taken as above recited, is not entitled to be preferred and that the Department of Public Assistance is entitled to share pro rata with her.

The Fiduciaries Act of June 7, 1917, P. L. 447, sec. 13 (a), provides for the payment of the debts of a decedent in the following order: (1) Funeral expenses, medi-

cine furnished and medical attendance given during the last illness of decedent, and servants' wages, not exceeding one year; (2) rents, not exceeding one year; (3) all other debts, without regard to the quality of the same, except debts due to the Commonwealth, which shall be last paid.

Exceptant argues this provision of the Fiduciaries Act has been repealed by section 15 of the Act of June 25, 1936, P. L. 28, which reads:

"The real and personal property of any beneficiary shall be liable for the repayment of assistance received under this act, or the act repealed by this act, whether such property was owned at the time such assistance was granted or acquired thereafter. Claims for assistance furnished shall have the same force and effect against the real and personal property of a deceased beneficiary, as other debts of a decedent, and shall be recoverable in the same manner. One-half of the net amount recovered from any beneficiary or from his or her estate by the Commonwealth or any political subdivision shall be promptly paid to the United States, and the remainder shall be paid into the State Treasury and shall be credited to the current appropriation for old age assistance."

There is nothing in this last-mentioned act that repeals section 13 (a) of the Fiduciaries Act. It has been argued that the section of the Fiduciaries Act in question is repealed by the Act of June 25, 1936, insofar as debts due the Commonwealth for old-age assistance are concerned, but a proper interpretation of this last-mentioned act fails to support this argument. The purpose of the Act of 1936 as quoted is to make the property of a decedent beneficiary liable to payment for benefits extended by the State as for other debts incurred, and a lien may be procured in the same manner, that is, claims for assistance shall have the same force and effect against the real and personal property of a deceased beneficiary as other debts of the decedent, but such a provision is not inconsistent with section 13 (a) of the Fiduciaries Act. The

Commonwealth further asserts that section 13 (*a*) 3 of the Fiduciaries Act is applicable only to taxes. The answer to this proposition we think has been given by Judge Gest of the Orphans' Court of Philadelphia in O'Connor's Estate, 20 D. & C. 547, in these words: "we are of opinion that the phrase 'debts due to the Commonwealth' was used in its most general meaning and includes claims of every character."

It has been the unbroken policy of the law in Pennsylvania since 1794 to prefer other claims over claims of the Commonwealth against a decedent's estate. We cannot find from the language of the said Act of 1936 any intention on the part of the legislature to change this policy. There is nothing in the title of the act indicating such a purpose as is required by article III, sec. 3, of the Constitution.

If it be argued this Act of 1936 by implication repeals the section of the Fiduciaries Act above referred to, the proposition is met by the statement in Ferguson's Estate, 325 Pa. 34, at page 36:

"It is well settled that a statute will not repeal another by implication unless the two cannot stand together; the legislative intent to repeal must be clear".

There is no reason why these two statutes cannot stand together, for an inconsistency does not exist. The terms of section 13 (*a*) of the Fiduciaries Act follow the expressed policy of the law in Pennsylvania for several generations and are not to be superseded or repealed by a general act unless there is a manifestation of the legislature that this be done. Analogous provisions have been discussed in Metcalf's Estate, 319 Pa. 28, and Ferguson's Estate, supra.

In view of the fact that the auditing judge allowed the Department of Public Assistance the balance in the hands of the accountant, which is less than the amount admittedly due it for advancements to the decedent after the passage of the Act of 1936, it is unnecessary to consider the contention of Edna M. McLaren that the act

is unconstitutional because it provides for the recovery by the Commonwealth for assistance payments made prior to the enactment.

The payment of the claims in question is governed by section 13(*a*) of the Fiduciaries Act of 1917, supra, which has not been repealed. The decree of distribution has been made in accordance with the existing law. The exceptions will be dismissed and the decree of the auditing judge affirmed.

See Siple's Estate, 35 D. & C. 489.